United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY CHARLES CLEVELAND,     )   No. C 07-1758 MMC (PR)
                             )
              Plaintiff,     )   **ORDER OF SERVICE; DIRECTING**
                             )   **DEFENDANTS TO FILE ANSWER**
         v.                  )
                             )
M.S. EVANS, et al.,          )
                             )
              Defendants.    )
_____)

On March 28, 2007, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various SVSP employees.[1] By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

---

[1] Plaintiff has since been released from prison on parole.

1 Constitution or laws of the United States was violated, and (2) that the alleged violation was
2 committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
3 48 (1988).

4     Having reviewed the complaint, the Court finds plaintiff's claims, liberally construed,
5 are cognizable. Plaintiff claims that defendants: (1) confined and retained him in the
6 Behavior Modification Unit ("BMU"), based on his exercising his First Amendment rights;[2]
7 (2) withheld a package sent to him, as well as legal materials, based on his exercising his
8 First Amendment rights;[3] (3) exposed him to an excessive risk to his personal safety, in
9 violation of his Eighth Amendment rights, by requiring him to inform on other inmates;[4] (4)
10 violated his Eighth and Fourteenth Amendment rights by placing and retaining him in the
11 BMU;[5] (5) deprived him of outdoor exercise, in violation of his Eighth and Fourteenth
12 Amendment rights;[6] (7) engaged in a conspiracy to violate his constitutional rights;[7] (8)
13 subjected him to poor conditions in the BMU, in violation of his Eighth and Fourteenth
14 Amendment rights;[8] (9) violated his right to due process by retaining him in the BMU and
15 promulgating and implementing procedures allowing such retention;[9] (10) failed to adhere to
16 mandatory duties imposed by state law, in violation of both state law and due process, by
17 retaining him in the BMU;[10] and (11) are liable, to the extent they are supervisors, for

---

[2]This claim is set forth in the first through fourth causes of action.

[3]This claim is set forth in the fifth and sixth causes of action.

[4]This claim is set forth in the seventh cause of action.

[5]This claim is set forth in the eighth cause of action.

[6]This claim is set forth in the ninth cause of action.

[7]This claim is set forth in the tenth cause of action.

[8]This claim is set forth in the eleventh and twelfth causes of action.

[9]This claim is set forth in the thirteenth cause of action.

[10]This claim is set forth in the fourteenth cause of action.

1  inadequate training, supervision, and administration of subordinate prison officials.[11]

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Warden M.S. Evans, Captain G. Ponder, Correctional Officer J. Caroperso, Correctional Counselor E. Medina, Correctional Counselor V. Solis, Correctional Officer Beaty, Correctional Officer J. Rodriguez, Correctional Officer Reynos, and Correctional Officer Carlow, a.ka. Karlow, Sergeant Slater**, and **Chief Medical Officer Lee**, all at **Salinas Valley State Prison.** The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. The court has established a Pro Se Prisoner Mediation Program under which prisoner civil rights cases may be referred to a neutral Magistrate Judge for mediation. The Court finds the instant matter suitable for mediation proceedings following service of the summons and complaint on defendants. Accordingly, **defendants shall file an answer** within **sixty days** of the date this order is filed, at which time the Court will refer the instant action for mediation under the Pro Se Prisoner Mediation Program.

3. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely

---

[11]This claim is set forth in the fifteenth cause of action.

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      6.     Extensions of time are not favored, although reasonable extensions will be granted.  Moreover, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made such motion.  Rather, the party making the motion must meet the deadlines set by the court unless and until an order addressing the motion for an extension of time is received.  Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: June 15, 2007

_____
MAXINE M. CHESNEY
United States District Judge