IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br><br>    Plaintiff,<br><br>  v.<br><br>M.S. EVANS, et al.,<br><br>    Defendants.<br>_____ | No. C 07-1758 MMC (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; DIRECTING DEFENDANTS TO PROVIDE PLAINTIFF WITH NOTICE PURSUANT TO WYATT v. TERHUNE AND RAND v. ROWLAND; SETTING BRIEFING SCHEDULE; DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME AS MOOT**<br><br>**(Docket Nos. 13 & 21)** |

     On March 28, 2007, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On June 15, 2007, the Court ordered the complaint served and directed defendants to file an answer within sixty days of the date of the order of service; the Court informed the parties that, upon filing of the answer, the matter would be referred for mediation under the Pro Se Prisoner Mediation Program. As the Court's Order did not schedule a date for the filing of a dispositive motion, plaintiff was not informed therein as to what he must do to oppose either a motion to dismiss for failure to exhaust administrative remedies, brought pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, or a motion for summary judgment brought pursuant to Rule 56. See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (holding pro se prisoner must be given fair notice of opportunity to develop record to oppose unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies); Rand v.

Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (holding pro se prisoner entitled to fair notice of requirements of Rule 56 and consequences of summary judgment motion).

Defendants did not file an answer to the complaint. Instead, on October 18, 2007, defendants filed a motion to dismiss for failure to exhaust administrative remedies and for summary judgment; in so doing, however, defendants did not provide plaintiff with the requisite notice pursuant to and Wyatt and Rand. On December 31, 2007, plaintiff filed an opposition to defendants' motion;[1] on January 31, 2008, defendants filed a reply.

As the record reflects that plaintiff was not provided with the requisite notice under Wyatt and Rand before he filed his opposition to defendants' motion to dismiss and for summary judgment, defendants' motion will not be decided on its merits at this time. Rather, the motion will be denied without prejudice to defendants' filing, and serving upon plaintiff, a renewed motion that includes the Wyatt and Rand notices. A scheduling order for the briefing of such motion is set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss and for summary judgment is hereby DENIED without prejudice. (Docket No. 13.)

2. Within **thirty (30)** days of the date this order is filed, defendants shall file, and serve upon plaintiff, a renewed dispositive motion that includes the Wyatt and Rand notices.[2]

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days after the date defendants' motion is filed.

4. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

---

[1] Plaintiff's opposition was timely filed. Accordingly, plaintiff's motion for an extension of time to file his opposition is hereby DENIED as moot. (Docket No. 21.)

[2] Alternatively, in lieu of a dispositive motion, defendants shall file, within thirty days of the date of this order, an answer to the complaint, after which the matter will be referred to the court's Pro Se Prisoner Mediation Program, as set forth in the order of service.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 13 and 21.

IT IS SO ORDERED.

DATED: July 17, 2008

MAXINE M. CHESNEY
United States District Judge