IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND, ) | No. C 07-1758 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DIRECTING PLAINTIFF TO COMPLY WITH COURT ORDER OR FACE DISMISSAL FOR FAILURE TO PROSECUTE** |
| v. ) | |
| ) | |
| M.S. EVANS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On March 28, 2007, plaintiff, a California prisoner then incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.  On June 15, 2007, the Court ordered the complaint served and directed defendants to file an answer within sixty days of the date of the order of service; the Court informed the parties that, upon filing of the answer, the matter would be referred for mediation under the Pro Se Prisoner Mediation Program.  Instead of filing an answer, however, defendants, on October 18, 2007, filed a motion to dismiss for failure to exhaust administrative remedies and for summary judgment.  Subsequently, on December 31, 2007, plaintiff filed an opposition to defendants' motion and, on January 31, 2008, defendants filed a reply.

Thereafter, upon review of the papers filed in support of and in opposition to defendants' dispositive motion, the Court discovered that plaintiff had not been informed, by the Court or by defendants, as to what he must do to oppose either a motion to dismiss for

failure to exhaust administrative remedies, brought as an unenumerated motion under Rule 12(b) of the Federal Rules of Civil Procedure, or a motion for summary judgment brought pursuant to Rule 56.  See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (holding pro se prisoner must be given fair notice of opportunity to develop record to oppose unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (holding pro se prisoner entitled to fair notice of requirements of Rule 56 and consequences of summary judgment motion).  Accordingly, by order filed July 17, 2008, the Court denied defendants' motion to dismiss and for summary judgment, without prejudice to defendants' filing, and serving upon plaintiff, a renewed motion that included the Wyatt and Rand notices.  Additionally, the Court set a schedule for the briefing of such motion, which schedule provided a deadline for plaintiff to file his opposition, specifically, a deadline of no later than thirty days after the filing of the motion.  (Order, filed Jul. 17, 2008, at 2.)

On August 14, 2008, defendants filed, and served on plaintiff, a renewed motion to dismiss and for summary judgment, together with the Wyatt and Rand notices.  (See Docket Nos. 40-43.)  According to the briefing schedule set by the Court, plaintiff's opposition to defendants' motion was due no later than September 14, 2008.  Plaintiff has not filed an opposition, however, nor has he communicated with the Court for ten months, his last communication occurring on December 31, 2007, at which time he provided the Court with a return address to which he had been paroled, in Compton, California.

In its July 17, 2008 order, the Court informed plaintiff of his continuing obligation to prosecute this action, as follows:

> It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(Order, filed Jul. 17, 2008, at 3.)  As plaintiff no longer is incarcerated and has not filed opposition to defendants' dispositive motion or otherwise communicated with the Court since December 31, 2007, the Court, in the interest of the just and efficient resolution of this

2

Case 3:07-cv-01758-MMC   Document 44   Filed 11/04/08   Page 3 of 3

matter, will require plaintiff to inform the Court whether he intends to proceed with the prosecution of this action.

Accordingly, the Court hereby ORDERS as follows:

Within **twenty** days of the date this order is filed, plaintiff shall inform the Court whether he intends to proceed with the prosecution of this action and, if so, whether he seeks an extension of time to file opposition to defendants' dispositive motion. If plaintiff fails to comply with this order, this action will be dismissed for failure to prosecute.

IT IS SO ORDERED.

DATED: November 4, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3