IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND, <br> Plaintiff, <br> v. <br> M.S. EVANS, et al., <br> Defendants. <br> _____ | No. C 07-1758 MMC (PR) <br><br> **ORDER OF DISMISSAL; DIRECTING CLERK TO TERMINATE ALL PENDING MOTIONS** |

On March 28, 2007, plaintiff, a California prisoner then incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On June 15, 2007, the Court ordered the complaint served and directed defendants to file an answer within sixty days of the date of the order of service; the Court informed the parties that, upon filing of the answer, the matter would be referred for mediation under the Pro Se Prisoner Mediation Program. Instead of filing an answer, however, defendants, on October 18, 2007, filed a motion to dismiss for failure to exhaust administrative remedies and for summary judgment. Subsequently, on December 31, 2007, plaintiff filed an opposition to defendants' motion and, on January 31, 2008, defendants filed a reply.

Thereafter, upon review of the papers filed in support of and in opposition to defendants' dispositive motion, the Court discovered that plaintiff had not been informed, by the Court or by defendants, as to what he must do to oppose either a motion to dismiss for

failure to exhaust administrative remedies, brought as an unenumerated motion under Rule 12(b) of the Federal Rules of Civil Procedure, or a motion for summary judgment brought pursuant to Rule 56. See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (holding pro se prisoner must be given fair notice of opportunity to develop record to oppose unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (holding pro se prisoner entitled to fair notice of requirements of Rule 56 and consequences of summary judgment motion). Accordingly, by order filed July 17, 2008, the Court denied defendants' motion to dismiss and for summary judgment, without prejudice to defendants' filing, and serving upon plaintiff, a renewed motion that included the Wyatt and Rand notices. Additionally, the Court set a schedule for the briefing of such motion, which schedule provided a deadline for plaintiff to file his opposition, specifically, a deadline of no later than thirty days after the filing of the motion. (See Order filed July 17, 2008, at 2.)

On August 14, 2008, defendants filed, and served on plaintiff, a renewed motion to dismiss and for summary judgment, together with the Wyatt and Rand notices. (See Docket Nos. 40-43.) According to the briefing schedule set by the Court, plaintiff's opposition to defendants' motion was due no later than September 14, 2008. As of November 4, 2008, however, plaintiff had not filed an opposition, nor had he communicated with the Court within the preceeding ten months, his last communication occurring on December 31, 2007, at which time he provided the Court with a return address to which he had been paroled, in Compton, California.

Consequently, in light of the Court's having previously informed plaintiff of his continuing obligation to prosecute this action, and plaintiff's failure to file an opposition to defendants' motion or to otherwise communicate with the Court for a period of ten months, the Court, by order dated November 4, 2008, directed plaintiff to inform the Court, within twenty days, as to whether he intends to proceed with the prosecution of this action. Plaintiff was expressly informed that if he failed to comply with the Court's order, this action would be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal

1 Rules of Civil Procedure.

2   More than twenty days have passed since the Court's order was filed and plaintiff has
3 failed to comply therewith.  Accordingly, the above-titled action is hereby DISMISSED
4 without prejudice for failure to prosecute.

5   The Clerk shall terminate all pending motions on the docket and close the file.

6   IT IS SO ORDERED.

7 DATED:  December 1, 2008

8   _____
    MAXINE M. CHESNEY
9   United States District Judge